UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. DEBOSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. WEISS, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0108 KJN P<br><br>ORDER TO SHOW CAUSE |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

---

[1] On February 25, 2020, plaintiff refiled his complaint and request to proceed in forma pauperis bearing his signatures.

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff is ordered to show cause why this action is not barred by the statute of limitations.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff claims that on May 7, 2014, he was placed in administrative segregation ("ad seg") based on staff's claim that they found a note plaintiff had written stating he was planning to assault staff on Facility A at High Desert State Prison, despite plaintiff having had shoulder repair surgery on May 2, 2014. While in ad seg, defendant Annin forced plaintiff to take a cellmate due to threat of receiving a rules violation report ("RVR") if plaintiff refused. The inmate plaintiff was assigned challenged plaintiff to a fight and became very aggressive. Despite plaintiff's warning about the situation, defendants Peterson and Huynh just stood there, refusing to do anything, and allowed plaintiff to be assaulted by his cellmate, allegedly in retaliation for the above note. When questioned for the subsequent RVR, defendant Peterson claimed he relayed plaintiff's concerns about the cellmate to his supervisor, defendant Riley, who did nothing. Plaintiff claims defendant Chandler did not give plaintiff a fair and unbiased hearing, refusing to correct the injustice, and found plaintiff guilty of fighting, disregarding two reliable, confidential sources.

Plaintiff claims that defendant Williams was tasked with reviewing the RVR hearing yet failed to correct the due process violation. Defendant Associate Warden Peddicord, as chief disciplinary officer, refused to protect plaintiff's due process rights or ensure plaintiff had a fair and unbiased hearing.

////

3

Further, plaintiff claims that defendants Chief Deputy Warden St. Andre and L. Lopez failed to credit the two confidential memos and find plaintiff was defending himself. Plaintiff also alleges that defendants Foston and Voong failed to do their jobs and weigh the evidence and find in plaintiff's favor at the third level of review.

IV. Discussion

    A. Was the Complaint Timely-Filed?

Plaintiff's complaint is based on incidents that took place in 2014 and thus the complaint, on its face, appears to be barred by the statute of limitations.

The Prison Litigation Reform Act ("PLRA") obligates the court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A. Under this provision, the court may *sua sponte* dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune. Id.; Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000). "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); see Belanus v. Clark, 796 F.3d 1021, 1024-27 (9th Cir. 2015) (affirming dismissal of pro se complaint upon screening pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), cert. denied, 137 S. Ct. 109 (2016).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954.

4

California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones v. Blanas, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. California law also provides that when a litigant is incarcerated for a term of less than life, the applicable limitations period is tolled for two years on grounds of "disability." Cal. Civ. Proc. Code § 352.1(a); Brooks v. Mercy Hosp., 1 Cal. App. 5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.").) The limitations period is also tolled while the prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004).

Applying the additional two years for tolling due to his imprisonment, plaintiff had four years to bring his claims against defendants named in connection with the May 7, 2014 incident. Because plaintiff's claims accrued on May 7, 2014, at the earliest, plaintiff had until Monday, May 7, 2018, in which to file his civil rights action. The third level appeal decision issued on June 15, 2015; more than four years have expired since that date. Similarly, plaintiff would have had four years from the date of the hearing on the rules violation report in which to raise his due process challenge. Because all of plaintiff's claims are based on incidents that took place in 2014, such claims appear barred by the statute of limitations and must be dismissed.

B. Is Plaintiff Entitled to Equitable Tolling?

The court considers, *sua sponte*, whether plaintiff is entitled to equitable tolling. California law requires a plaintiff to "meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted). Equitable tolling is a judicially created doctrine "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations -- timely notice to the defendant of the plaintiff's claims -- has been satisfied." Hopkins v. Kedzierski, 225 Cal. App. 4th 736, 746, 170 Cal. Rptr. 3d 551 (2014) (internal quotation marks and citations omitted). Thus, equitable tolling is available under California law

"to toll the statute of limitations on a claim during the period in which a plaintiff pursues another remedy for the harm that the plaintiff suffered." Id. (citing Elkins v. Derby, 12 Cal. 3d 410, 414, 115 Cal. Rptr. 641, 525 P. 2d 81 (1974)).

Here, plaintiff fails to address the almost six-year delay in filing the instant action and was personally involved in the incidents at issue in his pleading. Nothing in his complaint or his exhibits suggest that he would be entitled to equitable tolling under the above standards. However, in an abundance of caution, plaintiff is ordered to show cause why this action should not be dismissed as time-barred, and to address the application of equitable tolling.

V. Leave to Amend Futile

Because plaintiff's claims appear to be time-barred, granting plaintiff leave to amend would be futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days from the date of this order, plaintiff shall show cause why this action should not be dismissed as barred by the statute of limitations, and address the application of equitable tolling. Failure to respond to this order will result in the dismissal of this action.

Dated: March 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

debo0108.osc