UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT M. DEBOSE,

    Plaintiff,

v.

J. WEISS, et al.,

    Defendants.

No. 2:20-cv-0108 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983. On March 4, 2020, plaintiff was ordered to show cause why this action should not be dismissed because plaintiff's claims are barred by the statute of limitations. Plaintiff filed a response.

    As discussed below, the undersigned finds that plaintiff's complaint should be dismissed because it is barred by the statute of limitations.

II. Plaintiff's Complaint

    Plaintiff claims that on May 7, 2014, he was placed in administrative segregation ("ad seg") based on staff's claim that they found a note plaintiff had written stating he was planning to assault staff on Facility A at High Desert State Prison, despite plaintiff having had shoulder repair surgery on May 2, 2014. While in ad seg, defendant Annin forced plaintiff to take a cellmate due

to threat of receiving a rules violation report ("RVR") if plaintiff refused.  The assigned inmate challenged plaintiff to a fight and became very aggressive.  Despite plaintiff's warning about the situation, defendants Peterson and Huynh allegedly just stood there, refusing to do anything, and allowed plaintiff to be assaulted by his cellmate, allegedly in retaliation for the above note.  When questioned for the subsequent RVR, defendant Peterson claimed he relayed plaintiff's concerns about the cellmate to his supervisor, defendant Riley, who did nothing.  Plaintiff claims defendant Chandler did not give plaintiff a fair and unbiased hearing, refusing to correct the injustice, and found plaintiff guilty of fighting, disregarding two reliable, confidential sources.

Plaintiff claims that defendant Williams was tasked with reviewing the RVR hearing yet failed to correct the due process violation.  Defendant Associate Warden Peddicord, as chief disciplinary officer, refused to protect plaintiff's due process rights or ensure plaintiff had a fair and unbiased hearing.

Further, plaintiff claims that defendants Chief Deputy Warden St. Andre and L. Lopez failed to credit the two confidential memos and find plaintiff was defending himself.  Plaintiff also alleges that defendants Foston and Voong failed to do their jobs and weigh the evidence and find in plaintiff's favor at the third level of review.

III. Discussion

    A. Was the Complaint Timely-Filed?

Plaintiff's complaint is based on incidents that took place in 2014.

The Prison Litigation Reform Act ("PLRA") obligates the court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A.  Under this provision, the court may *sua sponte* dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune.  Id.; Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000).  "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint."  Von Saher v. Norton

1    Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and
2    quotation marks omitted); see Belanus v. Clark, 796 F.3d 1021, 1024-27 (9th Cir. 2015)
3    (affirming dismissal of pro se complaint upon screening pursuant to 28 U.S.C. § 1915A, in part
4    because prisoner's complaint, on its face, appeared to be time-barred), cert. denied, 137 S. Ct. 109
5    (2016).
6         Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues
7    when the plaintiff knows or should know of the injury that is the basis of the cause of action."
8    Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris,
9    370 F.3d 945, 955 (9th Cir. 2004).
10        Claims under § 1983, along with state personal injury tort claims, are governed by the
11   forum state's statute of limitations for personal injury suits. Wallace v. Kato, 549 U.S. 384, 385
12   (2007). California law provides a two-year statute of limitations for personal-injury actions, plus
13   an additional two years tolling the statute of limitations based on the disability of imprisonment.
14   See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1,
15   352.1). The limitations period is also tolled while the prisoner completes the mandatory
16   exhaustion process. Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004).
17        Applying the additional two years for tolling due to his imprisonment, plaintiff had a total
18   of four years to bring his claims against defendants named in connection with the May 7, 2014
19   incident. In 2014, plaintiff was aware of how the assault by the assigned cellmate began, and
20   plaintiff was present during the subsequent rules violation hearing. Because plaintiff's claims
21   accrued on May 7, 2014, at the earliest, plaintiff had until Monday, May 7, 2018, in which to file
22   his civil rights action. The third level appeal decision issued on June 15, 2015; yet more than four
23   years have expired since that date. Similarly, plaintiff would have had four years from the date of
24   the July 3, 2014 hearing on the rules violation report in which to raise his due process challenge.
25   Because all of plaintiff's claims are based on incidents that took place in 2014, evidenced from
26   the face of his complaint, such claims are barred by the statute of limitations and must be
27   dismissed.
28   ////

Plaintiff states that he is a life prisoner with no release date, and has been incarcerated for 36 years. (ECF No. 17 at 1-2.) While not entirely clear, plaintiff appears to argue that he is entitled to unlimited tolling under Grasso v. McDonough Power Equipment, Inc., 264 Cal. App. 2d 597 (1968). But plaintiff is mistaken. The California law was "subsequently changed effective January 1, 1995, to limit the period of tolling" to two years. Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999). California Code of Civil Procedure § 352.1, which became effective January 1, 1995, provides prisoners with only two years of tolling. See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).[1] Because plaintiff is serving a life sentence with the possibility of parole, he is entitled to the additional two years of statutory tolling under section 352.1(a).[2] See Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (as amended) (per curiam). Thus, plaintiff is only entitled to a total of four years tolling, as discussed above.[3]

B. Is Plaintiff Entitled to Equitable Tolling?

The court considers, *sua sponte*, whether plaintiff is entitled to equitable tolling. California law requires a plaintiff to "meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

---

[1] Prior to the January 1, 1995 effective date of § 352.1, prisoners serving a sentence less than life were entitled to tolling for the entire time of sentences less than life. See Fink, 192 F.3d at 914. Prisoners serving a sentence for life without the possibility of parole were not entitled to such unlimited tolling.

[2] Section 352.1(a) provides: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, *not to exceed two years*." Id. (emphasis added).

[3] Plaintiff also argues that as a prisoner without a release date he should be viewed the same as a prisoner serving a sentence of life without parole, again apparently believing he would be entitled to unlimited tolling. But prisoners serving life without parole are no longer deemed civilly dead under California law. See Grasso, 264 Cal. App. 2d at 601-02. Indeed, such inmates now enjoy most of the civil rights held by other prisoners. See Cal. Penal Code § 2601(a) (marry, make a will, inherit, own or sell property, etc.); see also Cal. Penal Code § 2600. The one exception is that prisoners serving life without the possibility of parole are not entitled to a two year tolling period if their cause of action accrues while they are serving their life sentence. Such prisoners therefore are entitled to less tolling than plaintiff, not more.

must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted). Equitable tolling is a judicially created doctrine "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations -- timely notice to the defendant of the plaintiff's claims -- has been satisfied." Hopkins v. Kedzierski, 225 Cal. App. 4th 736, 746, 170 Cal. Rptr. 3d 551 (2014) (internal quotation marks and citations omitted). Thus, equitable tolling is available under California law "to toll the statute of limitations on a claim during the period in which a plaintiff pursues another remedy for the harm that the plaintiff suffered." Id. (citing Elkins v. Derby, 12 Cal. 3d 410, 414, 115 Cal. Rptr. 641, 525 P. 2d 81 (1974)).

Plaintiff argues that he is entitled to tolling due to defendants' alleged fraudulent actions. Plaintiff claims that in Grasso, "in no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud; (2) intentional concealment or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect; in the person of the injured person." (ECF No. 17 at 2.) However, this quote is not taken from Grasso; rather, it is taken from another California statute:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

Cal. Civ. Proc. Code § 340.5. Where the claim at issue is professional negligence, the tolling provisions contained in § 340.5 applies. See Marez v. Cty. of Stanislaus, 2015 WL 135890 at *1 (E.D. Cal. Jan. 8, 2015) (applying Section 335.1 to 1983 claims and Section 340.5 to professional negligence claims). Here, plaintiff is pursuing due process claims, not professional negligence claims; § 340.5 does not apply. Thus, plaintiff's unsupported claim that "defendants committed fraud and intentional concealment of the facts listed in plaintiff's [complaint]" (ECF No. 17 at 2) is not considered.

In his opposition, plaintiff provides no facts or evidence in support of his bald statement that he meets the three elements required under Fink. (ECF No. 17 at 1.) Plaintiff fails to demonstrate how any of the named defendants were provided timely notice of plaintiff's due process claims. Given that over six years have now elapsed since the alleged incidents occurred in 2014, defendants' memories have faded and evidence may have been lost or discarded. Such lengthy passage of time prejudices the defendants. Finally, as to the third element, plaintiff fails to address why he waited to bring this action over five years and five and a half months after the May 2014 incidents. Plaintiff was aware of the facts underlying his claims because he was present during the issues with the assigned cellmates and during the subsequent rules violation hearing, yet does not explain his lengthy delay in filing the instant complaint. This record does not demonstrate that plaintiff's conduct was reasonable or in good faith.

Because plaintiff has failed to provide facts or evidence meeting all three elements of Fink, 192 F.3d 916, or demonstrate that he was pursuing another remedy, Hopkins, 225 Cal. App. 4th at 746, plaintiff is not entitled to equitable tolling.

IV. Leave to Amend Futile

Because plaintiff's claims are time-barred, granting plaintiff leave to amend would be futile.

V. Conclusion

It is apparent from the face of plaintiff's complaint that his claims are barred by the statute of limitations, and plaintiff is not entitled to equitable tolling. Therefore, plaintiff's complaint should be dismissed, with prejudice, for failure to state a claim.

IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this case.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/debo0108.sol.ss