UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. DEBOSE, | No. 2:20-cv-0108 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WEISS, et al., | |
| Defendant. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 25, 2020, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. On September 23, 2020, plaintiff was granted an additional 45 days in which to file objections. Plaintiff filed objections to the findings and recommendations.

    Plaintiff now contends that in addition to his due process and failure to protect claims, plaintiff also raised a professional negligence claim.[1] Plaintiff's argument is unavailing because

---

[1] Plaintiff did not specifically plead any state law claims in his complaint. (ECF No. 1, passim.) But to the extent plaintiff's allegations could be construed as raising state law negligence or

1

1  professional negligence claims under California Penal Code § 340.5 only apply to health care
2  providers rendering professional services. Cal. Penal Code § 340.5(1), (2). Plaintiff's allegations
3  that defendants falsely claimed plaintiff agreed to fight with inmate Croy do not transform
4  plaintiff's claim into a professional negligence cause of action. Moreover, allegations of
5  negligence do not suffice to state a constitutional claim. See Farmer v. Brennan, 511 U.S. 825,
6  835 (1994) (holding that "deliberate indifference entails something more than mere negligence").

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

       Accordingly, IT IS HEREBY ORDERED that:

       1. The findings and recommendations filed August 25, 2020, are adopted;

       2. Supplemental jurisdiction over plaintiff's putative state law claims is declined;

       3. Plaintiff's federal claims are dismissed, with prejudice, as barred by the statute of limitations; and

       4. The Clerk is directed to close the file in this action.

Dated: December 18, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/debo0108.804

---

failure to protect claims, the Court declines to exercise supplemental jurisdiction in light of the dismissal of plaintiff's federal claims. See 28 U.S.C. § 1367(a).